UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS RIOS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DAVID STRAYHORN, Correctional Officer; JONES, Correctional Officer; S. RUTLEDGE, Correctional Sergeant; A. ALLAMBY, Correctional Lieutenant; ESTRADA, Registered Nurse; CAMPOS, Licensed Vocational Nurse; G. STRATTON, Chief Deputy Warden.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:17-cv-00049-BEN-BGS<br><br>**ORDER:**<br><br>**(1) GRANTING EX PARTE MOTION FOR LEAVE TO FILE AN ADDENDUM; and**<br><br>**(2) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>**[ECF No. 9, 11]** |

On January 9, 2017, Plaintiff Carlos Rios, a state prisoner proceeding *pro se*, brought this action for alleged violations of his civil rights under 42 U.S.C. § 1983. His claims arise from an incident in which a correctional officer allegedly used unreasonable force against him. On May 1, 2017, Plaintiff filed a motion for a temporary restraining order ("TRO") and a preliminary injunction. On June 1, 2017, he filed a motion for leave to file an addendum to his TRO and preliminary injunction motion. The Court **GRANTS** Plaintiff's motion for leave to file an addendum.

/ / /

1

Plaintiff alleges that Institution Classification Committee ("ICC") members, specifically "Counselor Stuart, CCI, and John Does I-IV, and Daniel Paramo, Warden," have conspired to deny Plaintiff's constitutional rights and retaliated against his exercise of his rights by proposing to transfer Plaintiff from Richard J. Donovan Correctional Facility ("RJD") to a 50/50 General Population Yard in Los Angeles State Prison. Plaintiff contends that transfer to a 50/50 General Population Yard would seriously threaten his health, life, and safety because he is a Sensitive Needs Yard ("SNY") inmate. Upon receiving notice that the ICC recommended a transfer, Plaintiff filed an administrative grievance on a CDCR Form 602. Plaintiff now seeks a court order directing the ICC members as well as Scott Kernan, Secretary of the California Department of Corrections and Rehabilitation, to "stop immediately the proposed recommendation to transfer" Plaintiff and to "halt immediately their retaliatory bias towards" Plaintiff.

## LEGAL STANDARD

The purpose of a TRO is to preserve the *status quo* before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (noting that a TRO is restricted to its "underlying purpose of preserving the *status quo* and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"). The standard for issuing a TRO is similar to the standard for issuing a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.,* 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). A party must establish that he is "likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citation omitted); *see also* Fed. R. Civ. P. 65. This is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

The Prison Litigation Reform Act ("PLRA") further requires prisoners to satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Section 3626(a)(2) places significant limits upon a court's power to grant preliminary injunctive relief to inmates and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. California*, 220 F.3d 987, 998-99 (9th Cir. 2000).

## DISCUSSION

Plaintiff has not established that he is entitled to a TRO. As a preliminary matter, Plaintiff seeks a TRO against persons that are not named defendants in this action. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983). "Under Federal Rule of Civil Procedure 65(d), an injunction binds only 'the parties to the action, their officers, agents, servants, employees, and attorneys, and [those] persons in active concert or participation with'" the parties or their officers, agents, servants, employees, or attorneys. *Zepeda*, 753 F.2d at 727 (quoting Fed. R. Civ. P. 65(d)(2)). The ICC members and Kernan are not parties or their officers, agents, servants, employees, or attorneys. Plaintiff does not allege that the ICC members and Kernan are in active concert or participation with Defendants. Rather, Plaintiff alleges that ICC members and Kernan

are "top officials" and "supervisors" within the CDCR.  Accordingly, this Court has no power to bind the ICC members and Kernan.

Furthermore, at a minimum, Plaintiff has not demonstrated that he will be subject to immediate and irreparable harm if a TRO does not issue.  To meet Federal Rule of Civil Procedure 65's "irreparable injury" requirement, Plaintiff must do more than simply allege imminent harm; he must demonstrate it.  *Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).  This requires he allege "specific facts in an affidavit or a verified complaint [which] clearly show" a credible threat of "immediate and irreparable injury, loss or damage."  Fed R. Civ. P. 65(b)(1)(A).  Plaintiff has not made this showing.  "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction."  *Caribbean Marine*, 844 F.2d at 674.

Plaintiff's motion for a motion for a temporary restraining order and a preliminary injunction is **DENIED.**

**IT IS SO ORDERED.**

Dated:  June 13, 2017

_____
Hon. Roger T. Benitez
United States District Judge